IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUPREMA, INC.,

    Plaintiff,

  v.

SECUGEN CORPORATION,

    Defendant.

                                 /

AND RELATED COUNTERCLAIMS
                                 /

No. C 11-02783 WHA

**ORDER APPROVING STIPULATED PROTECTIVE ORDER SUBJECT TO STATED CONDITIONS**

    The stipulated protective order submitted by the parties is hereby **APPROVED**, subject to the following conditions, including adherence to the Ninth Circuit's strict caution against sealing orders (as set out below):

    1.    The parties must make a good-faith determination that any information designated "confidential" truly warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. Designations of material as "confidential" must be narrowly tailored to include only material for which there is good cause. A pattern of over-designation may lead to an order un-designating all or most materials on a wholesale basis.

    2.    In order to be treated as confidential, any materials filed with the Court must be lodged with a request for filing under seal in compliance with Civil Local Rule 79-5. Please limit your requests for sealing to only those narrowly tailored portions of materials for which good cause to seal exists. Please include

1    all other portions of your materials in the public file and clearly indicate therein
2    where material has been redacted and sealed. Each filing requires an
3    individualized sealing order; blanket prospective authorizations are no longer
4    allowed by Civil Local Rule 79-5.
5        3. Chambers copies should include all material — both redacted and
6    unredacted — so that chambers staff does not have to reassemble the whole brief
7    or declaration. Although chambers copies should clearly designate which
8    portions are confidential, chambers copies with confidential materials will be
9    handled like all other chambers copies of materials without special restriction, and
10   will typically be recycled, not shredded.
11       4. In *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006),
12   the Ninth Circuit held that *more* than good cause, indeed, "compelling reasons"
13   are required to seal documents used in dispositive motions, just as compelling
14   reasons would be needed to justify a closure of a courtroom during trial.
15   Otherwise, the Ninth Circuit held, public access to the work of the courts will be
16   unduly compromised. Therefore, no request for a sealing order will be allowed
17   on summary judgment motions (or other dispositive motions) unless the movant
18   first shows a "compelling reason," a substantially higher standard than "good
19   cause." This will be true regardless of any stipulation by the parties. *Counsel are*
20   *warned that most summary judgment motions and supporting material should be*
21   *completely open to public view.* Only social security numbers, names of
22   juveniles, home addresses and phone numbers, and trade secrets of a compelling
23   nature (like the recipe for Coca Cola, for example) will qualify. If the courtroom
24   would not be closed for the information, nor should any summary judgment
25   proceedings, which are, in effect, a substitute for trial. Motions *in limine* are also
26   part of the trial and must likewise be laid bare absent compelling reasons. Please
27   comply fully. Noncompliant submissions are liable to be stricken in
28   their entirety.

5. Any confidential materials used openly in court hearings or trial will not be treated in any special manner absent a further order.

6. This order does not preclude any party from moving to undesignate information or documents that have been designated as confidential. The party seeking to designate material as confidential has the burden of establishing that the material is entitled to protection.

7. The Court will retain jurisdiction over disputes arising from the proposed and stipulated protective order for only **NINETY DAYS** after final termination of the action.

**IT IS SO ORDERED.**

Dated: December 5, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE